# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRYAN S. HENRY,**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-191**     (WorkForce W. Va.  Bd. of Review, Case No. R-2023-0133)

**BGSE GROUP, INC.,**
**Employer Below, Respondent**

**and**

**WORKFORCE WEST VIRGINIA,**
**Respondent below, Respondent**


## MEMORANDUM DECISION

Petitioner Bryan S. Henry appeals the April 12, 2023, decision of the WorkForce West Virginia Board of Review ("Board"). Respondent WorkForce West Virginia ("WorkForce") filed a response.[1] Mr. Henry filed a reply. Respondent Employer BGSE Group, Inc. did not participate in this appeal. The issue on appeal is whether the Board erred in affirming the decision of the Board's administrative law judge ("ALJ") which found that Mr. Henry had left his work voluntarily without good cause and was disqualified from receiving unemployment benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Henry was employed by BGSE Group, Inc. as its Director of Manufacturing from June 1, 2020, until July 30, 2021. Among his job duties, Mr. Henry was responsible for managing a workforce of fifteen people and directing the fabrication of steel, electrical, and copper items. On June 1, 2020, Mr. Henry executed a five-year employment contract for his position, which was purportedly negotiated and drafted by a law firm representing Mr. Henry for the negotiations. The agreement provided, among other things, that Mr.

---

[1] On appeal, Mr. Henry is represented by Charles C. Wise, III, Esq. WorkForce is represented by Kimberly A. Levy, Esq.

Henry would receive an annual salary of $80,000.00 as a full-time employee with a forty-hour work week and that he was guaranteed an annual bonus of $20,000.00.

As part of his employment, Mr. Henry was subject to an annual performance review. This review was conducted on July 22, 2021, and resulted in votes of "no confidence" for Mr. Henry to continue his position. It was determined that Mr. Henry was unable to adapt to a leadership role and had failed to adapt to the demands of his position. The annual review noted that Mr. Henry is a skilled worker and very intelligent, but that his skills would be better utilized in a different position with less responsibility.

On July 23, 2021, Mr. Henry was sent a Yearly Review/Corrective Action letter regarding his performance review. This letter gave Mr. Henry notice that based upon the lack of confidence in his abilities, the Director of Manufacturing position was being eliminated, effective July 30, 2021. However, BGSE offered Mr. Henry full-time employment by transitioning him to a Prototype Specialist with an employment start date of July 31, 2021. This position was purported to have significantly less responsibility than the Director of Manufacturing position.

On July 28, 2021, Kim Contino, CFO for BGSE, contacted Mr. Henry regarding the new position and provided him a written job description of the same. During a phone conversation between Ms. Contino and Mr. Henry on July 29, 2021, he was informed that the Prototype Specialist was an at-will position and his salary would be $100,000.00 per year. Mr. Henry stated that BGSE was violating his employment agreement and sought a renegotiation. However, Mr. Henry was informed that BGSE's President, Bryan Bullerdick, was not interested in a renegotiation. It was at this time that Mr. Henry verbally declined the Prototype Specialist position and salary as offered. By letter dated July 30, 2021, BGSE informed Mr. Henry that by declining his new position, he had voluntarily resigned from his employment with BGSE effective July 31, 2021, the last day that his Director of Manufacturing position would exist.

On August 15, 2021, Mr. Henry filed a claim for unemployment benefits. By letter dated August 30, 2021, BGSE responded to WorkForce's request for additional information regarding Mr. Henry's separation from employment. In its letter, signed by Ms. Contino, BGSE stated:

> Mr. Henry previously worked for BGSE Group, LLC as Director of Manufacturing. He was separated from his position for just cause/breach of contract with an effective date [of] July 30, 2021[.] On July 28, 2021, and prior to the effective date, Mr. Henry was offered a different position with BGSE Group, LLC, as a Prototype Specialist, to begin on July 31, 2021. Mr. Henry refused this position, which paid $100,000 a year. To be clear, Mr. Henry was offered employment at BGSE Group, LLC, that he refused.

2

By a WorkForce Deputy's Decision dated January 18, 2023, Mr. Henry was found eligible for benefits on the basis that BGSE had failed to provide documentation to support its claim that Mr. Henry was discharged for breach of contract and, thus, could not prove that the discharge was based upon employee misconduct. BGSE appealed this decision to the Board.

A telephonic administrative hearing was held before the Board's ALJ on February 8, 2023. Mr. Bullerdick and Human Resources Manager, Amanda Summers, appeared on behalf of BGSE. However, Mr. Henry did not appear. The ALJ proceeded to take the testimony of Mr. Bullerdick who recounted the circumstances surrounding Mr. Henry's employment, his performance review, his refusal to accept the new position, and what BGSE believed to be Mr. Henry's voluntary resignation from his employment. Based upon Mr. Bullerdick's testimony, the ALJ noted that Mr. Henry's resignation, "changes this case substantially," and that "[Mr. Henry] is not here to provide any fault by the employer."

By decision dated February 22, 2023, the ALJ reversed the Deputy's Decision, finding that the record supported a finding by a preponderance of the evidence that Mr. Henry voluntarily separated from his employment without fault on the part of the employer. Therefore, pursuant to West Virginia Code § 21A-6-3(1) (2020), Mr. Henry was disqualified from receiving unemployment benefits.[2]

On February 27, 2023, Mr. Henry filed a handwritten appeal with the Board.[3] As part of his appeal, Mr. Henry stated that he could not attend the administrative hearing due to a "family emergency." He further stated that he attempted to call in for the hearing approximately forty-five minutes late, at which time he was informed that the hearing had concluded, and that he would need to wait on the ALJ's decision and then file an appeal. By decision dated April 12, 2023, the Board affirmed the ALJ's ruling and adopted the ALJ's findings of fact and conclusions of law as its own. It is from that decision that Mr. Henry now appeals.

In this appeal, our standard of review is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the

---

[2] West Virginia Code § 21A-6-3(1) states that an individual is disqualified from receiving unemployment benefits: "[f]or the week in which he or she left his or her most recent work voluntarily without good cause involving fault on the part of the employer and until the individual returns to covered employment and has been employed in covered employment at least 30 working days."

[3] Mr. Henry was self-represented prior to obtaining counsel to file this appeal.

findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 563, 453 S.E.2d 395, 397 (1994).

On appeal, Mr. Henry argues that the Board's finding that he left work voluntarily without good cause involving fault of his employer was erroneous. Rather, Mr. Henry argues that to deny his claim for unemployment benefits, BGSE was required to show that he engaged in employee misconduct, which led to his discharge; however, the Deputy's Decision did not find misconduct. *See* W. Va. Code § 21A-6-3(2) (setting forth the effect a discharge for misconduct has on unemployment benefits); W. Va. Code R. § 84-1-5.6.4 (2018) (stating an employer has burden of proving employee misconduct). Mr. Henry further argues that although he failed to appear for the hearing, the evidence showed that BGSE breached his employment contract and then terminated his employment when he refused to accept the offer of a transition to an at-will position. According to Mr. Henry, this fault on the part of BGSE constituted good cause for him to voluntarily leave his position. We are unpersuaded by these arguments.

Mr. Henry's appeal is undermined by his failure to appear for the administrative hearing before the ALJ. Pursuant to West Virginia Code of State Rules § 84-1-5.6.1 (2018), as the claimant, Mr. Henry had the burden of proving that he left his employment "without good cause involving fault on the part of the employer" under West Virginia Code § 21A-6-3(1). Here, the designated record establishes that the only evidence before the ALJ was the uncontroverted testimony of Mr. Bullerdick on behalf of BGSE. Based upon that evidence, the ALJ concluded that Mr. Henry had voluntarily quit his employment without good cause involving fault of BGSE and, thus, was disqualified from unemployment benefits pursuant to statute. W. Va. Code § 21A-6-3(1). Further, because he failed to appear, Mr. Henry's breach of contract and misconduct claims were not properly raised before the ALJ for consideration; and therefore, those arguments cannot be raised for the first time in this appeal. As such, based upon the designated record before us, we cannot say that the ALJ's decision, as adopted by the Board was clearly wrong.[4]

Accordingly, we find no error and affirm the Board's April 12, 2023, decision.

Affirmed.

---

[4] We wish to make clear that like the Board's decision on appeal, our decision makes no ruling on the merits of Mr. Henry's breach of contract claim. Instead, this decision is limited to the four corners of the Board's order, which denied unemployment compensation based upon West Virginia Code § 21A-6-3(1) and the uncontroverted evidence from BGSE that Mr. Henry voluntarily quit his position without good cause. This decision shall not be construed as preclusive on any other employment related cause of action should Mr. Henry initiate such claims in the future before a court of competent jurisdiction.

4

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear